RODRÍGUEZ *v*. CASTAING ET AL.

APPEAL from the District Court of Ponce.

No. 86.—Decided October 20, 1904.

RES ADJUDICATA—JUDGMENT.—Where a judgment is rendered finally deciding the rights of the parties to an action, without any of the parties in interest having taken an appeal therefrom, it is consented to and becomes *res adjudicata*.

ID.—EFFECT—REQUIREMENTS—IDENTITY OF THINGS, CAUSES, PERSONS, AND CAPACITY.—In order that the doctrine of *res adjudicata* may be successfully alleged in another suit, it is necessary that identity of things, causes, persons and capacity exist between the action decided and the one in which the plea of *res adjudicata* is involved.

ID.—SUCCESSORS IN INTEREST—PRIVITY OF INTEREST—INDIVISIBILITY OF PRESTATIONS.—Under the foregoing doctrine identity of persons is understood to

exist when the litigants in the second suit are successors in interest of the parties to the previous suit, or when they are united with them by privity of interest, or by reason of the indivisibility of prestations between those who have a right to demand it or who are under obligation to pay the same.

RECORDED ACTS OR CONTRACTS—THIRD PERSONS.—Acts or contracts done or executed by a person who appears from the registry to have a right so to do will not be invalidated with respect to third persons after the same have been admitted to record, although the right of the party executing them be subsequently annulled or decided by virtue of a title of prior date not recorded in the registry or for reasons which do not clearly appear from the registry itself.

RECORD OF POSSESSION—PRESCRIPTION—TITLE NOT RECORDED.—The foregoing doctrine is not applicable to titles recorded in accordance with article 390 of the Mortgage Law, unless prescription shall have rendered valid and secured the right referred to in such titles, and this is the only case constituting an exception to the general provision that a record of possession cannot prejudice the interests of a person having a better right to the ownership of the real estate, although his title may not have been recorded.

RES ADJUDICATA—PRESUMPTION OF TRUTH—JUDGMENT RENDERED IN A SUIT FOR REVISION—DECISIONS WHICH CONTRADICT, ALTER, OR MODIFY THE DOCTRINE OF RES ADJUDICATA.—Only a judgment obtained in an action for revision shall be effective against the doctrine of *res adjudicata,* all decisions which contradict, alter, or modify the decision contained in a judgment which has become *res adjudicata* are null and void.

## STATEMENT OF THE CASE.

This is a declaratory action of greater import prosecuted in the former District Court of Ponce by the plaintiff, Amalia Rodríguez y Matos, widow of Renovales, against Francisca Adelaida Castaing y Soto, Enrique Castaing y Postveint and Mariano Isidoro Clavell, defendants, to obtain the annulment of a judgment and for the recovery of an urban estate. The case is now pending before us on an appeal in cassation for error of procedure, now ordinary appeal, taken from the judgment rendered by the said District Court of Ponce, on November 28, 1900, by the defendant, Francisca Adelaida Castaing, who has appeared before this court represented by her attorney, Manuel F. Rossy; the plaintiff and respondent, Amalia Rodríguez y Matos, having appeared represented by her attorney, José de Guzmán Benítez; the other defendants, Enrique Castaing y Postveint and Mariano Isidoro Clavell y Hurtado, having made no appearance herein, notwithstand-

ing the fact that they have been duly cited and summoned to appear.

By a public deed executed in Ponce before the notary public, Francisco Para, on July 15, 1882, Enrique Castaing y Postveint and his wife, Teresa Clavell y Hurtado, 55 and 52 years of age, respectively, and without children, they having, a few days prior to the said date, lost the only child born to them during their marriage, adopted as their daughter a young woman 32 years of age, whom they had raised or had under their protection ever since she was a child of tender years, named Francisca Castaing, she being a natural child of Elena Soto; and they bound themselves to give her in the future the same care and attention which they had shown her up to that time, and adding that in view of the said young woman's age, and the fact that she had emerged from the parental authority, the act which they had consummated should be considered as an arrogation instead of an adoption, and the said Francisca, who appeared upon the execution of the instrument, gave her consent to everything that occurred.

Teresa Clavell y Hurtado died in Ponce on May 5, 1895, and by an order of November 3, 1897, the judge of first instance of the said city declared her to have died intestate, and without prejudice to a third person with a better right, declared her adopted child, Francisca Castaing y Soto, to be her sole heir.

On January 18, 1898, Félix Crosas y Dalmau, who had previously married Francisca Castaing y Soto, representing her and through his counsel, Herminio Díaz Navarro, brought in the Court of First Instance of Ponce an ordinary action of greater import against Enrique Castaing y Postveint, Mariano Isidoro Clavell y Hurtado and Pedro Clausells y Armstrong, all residents of that city, in which he set out the facts hereinbefore mentioned, and stating furthermore that, having married in the year 1850, and being unable to give the

exact date, the spouses, Enrique Castaing y Postveint and Teresa Clavell y Hurtado, in the year 1874, and while the conjugal partnership was still in existence, Enrique Castaing had purchased from Isidoro Colón y Rivera a lot measuring 15 meters and 86 centimeters in width and 16 meters and 70 centimeters in depth, having a superficial area of 222 meters and 778 milimeters, there being situated thereon a frame house measuring 13 meters and 34 centimeters in width by 16 meters and 70 centimeters long, with a bath, kitchen and closet, and with a galvanized iron roof, located in *barrio* Cuarto, of the said city of Ponce, on Aurora Street, marked with the Government number 4, and bounded on the north by the property of Susana Cerdá de Renovales; on the south by the said Aurora Street; on the west by the property of Manuel Becerra; and on the east by the property of the said Susana Cerdá. That after the death of Teresa Clavell, which occurred on May 5, 1885 (it should say 1895), the widower, Enrique Castaing y Postveint, commenced a proceeding to secure a possessory title in his favor to the house and lot described in the complaint, setting forth therein the fact that he was a widower and that he acquired the property in the year 1874, but without stating that he was married at the time. By an order made under date of January 13, 1896, the said possessory title was granted without prejudice to third parties with a better right, and the same was recorded with this condition at folio 49 of volume 85 of the municipality of Ponce, first inscription. That in the deed of February 24, 1886 (it should be 1896), executed before the former notary public of that city, Joaquín Mayoral, the said Enrique Castaing y Postveint sold for the sum of 1,000 *pesos* the whole of the said house and lot and some furniture and jewelry to the brother of his wife, Mariano Isidoro Clavell y Hurtado, a resident of that city, who knew perfectly well that Castaing was a married man in 1874, when he acquired the property, the deed thereto being recorded in the registry of property.

That Mariano Clavell sold the house and lot aforesaid for 650 *pesos* to Pedro Clausells y Armstrong, of the same place upon the condition that he might repurchase it any time before May 31, 1900, the purchaser leasing it to him for that period at a monthly rental of 8 *pesos* and 50 *centavos*, as was made to appear in the deed of May 31, 1897, executed before Notary Rosendo Matienzo Cintrón, of that city, and recorded in the registry of property. That, according to articles 1401 and 1407 of the Civil Code, then in force, community property consisted, among other things, of property acquired for a valuable consideration during the marriage with community funds, whether the acquisition was made for the benefit of the community or for one of the spouses alone, all of the property of the conjugal partnership being considered as such in the absence of proof to the contrary. That in accordance with these legal provisions the house and lot, which is the object of the complaint in question, can only be considered as community property belonging in equal and undivided parts to the Castaing spouses. That the heirs representing the continuation of the legal capacity of their predecessors in interest, and the inheritance including all property, rights and obligations of the deceased, as provided by articles 659 and 661 of the said Civil Code, concordant with Law VIII, Title 33 of *Partida* VII, it is indisputable that upon the death of Teresa Clavell y Hurtado, her adopted daughter, Francisca Castaing y Soto, as her sole and intestate heir, acquired full ownership of an undivided one-half interest in the said house and lot. That according to the general legal principles and articles 138 and 139 of the Mortgage Law, only a person having the full ownership of real estate could legally have it recorded in his name, or sell, mortgage, or lease the same; and therefore, undoubtedly Enrique Castaing y Postveint could not, after the death of his wife, record in his name the possession of, nor sell without the concurrence of the former's heirs, the whole of the house and lot involved in

the litigation. That the said sale, therefore, in accordance with the general principle of law set forth in article 4 of the Civil Code, was null and void with respect to the said undivided one-half interest, and it cannot be argued that it was recorded in the registry of property as a whole, because in accordance with article 33 of the Mortgage Law in force, an inscription in the registry of property does not render valid acts which are null and void according to law. That the sale made by Castaing to Clavell being null and void, the sale by the latter to Clausells was likewise null and void, as also the lease, those contracts not being included within the exceptions made by article 34 of the Mortgage Law, inasmuch as it appears in the registry of property that the inscription of the possession of the house and lot in favor of Castaing was made without prejudice to third parties with a better right; and when Clavell contracted with Castaing, and Clausells with Clavell, and had their contracts recorded, they did so under that condition. For these reasons, and exercising the mixed action existing in favor of the plaintiff, he finally prayed that the complaint be admitted as a declaratory action of greater import against Enrique Castaing y Postveint, Mariano Isidoro Clavell y Hurtado, and Pedro Clausells y Armstrong, and that they be served with notice thereof, and that a time be fixed within which they shall appear and answer the same. And he further prayed that if the defendants should not in due time acquiesce in the allegations of the complaint with respect to the points concerning each of them, the proceeding to secure a possessory title, the contracts of purchase and sale and the lease, the public deeds in which the same appear and the inscriptions thereof in the registry of property, be declared null and void in so far as the same refer to or involve the undivided one-half interest in the house and lot and the jewelry mentioned in the complaint; and that it be ordered that with respect to the said undivided one-half interest the inscriptions be cancelled and

left free from incumbrances and subject to the free disposal of the plaintiff, Francisca Castaing y Soto, with costs. And by a further prayer, plaintiff requested that a notice of the complaint be entered in the registry of property, which was granted as soon as the representatives of the plaintiff protested against the payment of damages and losses, which might be occasioned by the entry of the notice, and the said notice was entered in the registry of property on February 11, 1898.

Notice of the complaint having been served upon the defendants, Enrique Castaing y Postveint, Mariano Isidoro Clavell y Hurtado and Pedro Clausells y Armstrong, and they having been duly summoned to appear and answer the same, insmuch as they failed so to do within the legal period which was granted them, after plaintiff had demanded that they be declared in default, the complaint was declared to have been answered; and that upon notification of the defendants in default of this order, the case would be proceeded with to a final determination, and that they would be notified of all orders made by the court in open court.

The case having been opened for the admission of evidence, and that proposed by the counsel for plaintiff having been taken, and all the proceedings in the case having been had, the judge of First Instance of Ponce rendered judgment on October 3, 1898, declaring null and void the proceedings prosecuted by Enrique Castaing to secure a possessory title to the house and lot referred to in the complaint, as well as the inscription made thereof in the registry of property, and ordering the same to be cancelled with respect to one-half of the said house and lot; that the public deeds involving the said one-half interest in the house and lot, which had been executed, were likewise null and void, and therefore that the inscriptions thereof should be cancelled and that said one-half interest in the house and lot should remain at the free disposal of Francisca Castaing, as well as one-half of the other

property left upon the death of Teresa Clavell, with costs against the defendant, Enrique Castaing y Postveint.

Notice of this judgment having been served on the defendants personally, and the period fixed by law having expired without any appeal having been taken therefrom, upon the application of the plaintiff the said judgment was recorded in the registry of property, and the plaintiff, Francisca Castaing y Soto, was put in possession of one-half of the house and lot in question, and the tenants occupying the same were advised of the facts by her as owner of one-half of the said house.

The petition of Amalia Rodríguez y Matos, widow of Renovales, in her capacity as owner and possessor of the said house and lot praying that the retention of one-half of the rental thereof ordered by the court be raised, and that the records of annulment ordered by the said judgment be cancelled, having been denied, Attorney Julio Padilla Iguina, in her name, on May 31, 1900, filed in the District Court of Ponce the complaint which is the origin of this suit against Francisca Adelaida Castaing y Soto, together with her legitimate husband Félix Crosas, Enrique Castaing y Postveint and Mariano Isidoro Clavell y Hurtado, wherein a detailed statement is made of the facts in the former suit prosecuted by Doña Francisca involving the house and lot which is the object of the new suit brought by Doña Amalia; and stating further that the said house and lot had been acquired by plaintiff by deed executed before Notary Rosendo Matienzo Cintrón, of Ponce, on January 19, 1898, by purchase made from Mariano Isidoro Clavell y Hurtado, who in turn had acquired it from Pedro Clausells y Armstrong, and by the latter from the said Don Isidoro, who acquired it from Enrique Castaing y Postveint, who had been in possession thereof as owner ever since the year 1864, when he acquired it by purchase from Isidoro Colón y Rivera, and not having any written title thereto, he applied for and obtained on January

13, 1896, a possessory title which was recorded in the registry of property at folio 49 of volume 194 of the archives, book 85 of the municipality of Ponce, first inscription. That notwithstanding the fact that the deed of Amalia Rodríguez bore a date prior to the summons served upon Enrique Castaing, Mariano Isidoro Clavell, and Pedro Clausells y Armstrong to appear and answer the complaint filed by Francisca Adelaida Castaing against them, Doña Amalia had not been cited in the action and the said defendants abandoned their defense, and therefore hers. That since June 20 of the previous year, Francisca Adelaida had been improperly collecting one-half of the rental on the property described in the complaint, at the rate of 22 *pesos* and 50 *centavos* per month. That having attempted to effect a conciliation with Enrique Castaing, Mariano Isidoro Clavell, and Francisca Adelaida Castaing, only the first two had appeared at the proceeding, they having acquiesced in the just claim of the plaintiff. But not so with Doña Adelaida, who neither appeared nor alleged a just cause for not doing so, and who nevertheless was not condemned to pay the costs. That in accordance with article 4 of the Civil Code, acts executed contrary to the provisions of law are null and void; and that what is void at the beginning is likewise void in its consequences. That the arrogation granted in the deed of July 15, 1882, and order of November 3, 1897, being null and void, the action prosecuted by Francisca Adelaida without the necessary capacity therefor are likewise null and void, as well as the judgment and the proceedings had in the execution thereof. That according to the former laws for the arrogation of sons and daughters either a royal authorization, or at least judicial approval, was required, and these requisites are lacking in the instrument executed for this purpose by Castaing and his widow in favor of Francisca Adelaida; that an arrogated son or daughter, according to the said former laws, becomes the heir of the person so arrogating him to

the extent only, at most, of one-fourth of the property, and not one-half thereof; and therefore Doña Francisca, even supposing her to be the heir, could not claim a one-half interest in the house involved in the suit. That according to article 177 of the Civil Code, an adopted child did not acquire any right whatever, as an heir, in the absence of a will by the person adopting him, unless in the deed of adoption the adoptor should bind himself to make him his heir; and this was not done in the case at bar. That the changes made in the Civil Code which pertain to the prejudice of vested rights, according to the former civil laws, did not have a retroactive effect; but according to article 657 of said Code the right of succession of a person was incapable of being transmitted or acquired until the death of the person from whom the right could be transmitted or acquired, for which reason it was obvious that in order to estimate the right of Francisca Adelaida to the inheritance of her adopted mother, Doña Teresa, it was necessary to take into consideration the date of the death of the latter, that is to say May 5, 1895, upon which date the Civil Code was in force, and application should have been made of transitory regulation No. 12 thereof, according to which the inheritance of deceased persons, after the said Code went into effect, would be awarded in accordance with the provisions of the said legal authority; and therefore if by reason of a serious judicial error, Francisca Adelaida Castaing had been improperly declared the sole heir of her adopted mother, Teresa Clavell, this decree could neither benefit nor prejudice the interests of Doña Adelaida, especially when she had not been a party to the former suit, and for this reason the judgment rendered therein could likewise not prejudice her interests. That in accordance with article 1461 of the Civil Code the vendor was bound to deliver and secure the thing sold, and according to article 348 of the same Code a property owner has an action against the tenant and possessor of a thing for the recovery thereof. And when

a thing is recovered without a right to demand.it where, by an error, it has been improperly delivered, an obligation exists to restore the same together with the fruits thereof. That the agreements reached by the parties to the proceeding to secure a conciliation involving an amount greater than 1,000 *pesetas,* possess the same value and effect as an agreement set out in a solemn and public instrument, and that when a person has been cited or summoned to appear at conciliation proceedings and he fails to appear without showing good cause for such failure, the costs of the proceeding should be taxed against him. In view of these allegations of fact and law, and exercising the action of annulment and for the recovery of property, plaintiff finally prayed the court to admit the complaint filed against Francisca Adelaida Castaing y Soto, represented by her legitimate husband, Félix Crosas, and against Enrique Castaing y Postveint and Isidoro Clavell y Hurtado, and that if the defendants should not in due time acquiesce in the complaint, that the court should finally adjudge and declare null and void the order of November 3, 1897, by which Doña Francisca was declared to be the intestate heir of her adopted mother, Teresa Clavell y Hurtado, and therefore likewise null and void the proceedings in the declaratory action, which she filed as such heir on January 18, 1898, and which resulted in the judgment rendered on October 3d of the same year, as also the proceedings had for the execution of said judgment and especially the cancellation with respect to the one-half interest aforesaid, of the fifth inscription of the property which is the object of this suit; and adjudge them to recognize as in force the inscription of the possessory title to the whole property in favor of Castaing y Postveint; that is to say, the first inscription on folio 49, volume 194, of the archives, book 85, of the municipality of Ponce, and the subsequent deeds of conveyance and respective inscriptions of the said real estate executed on February 24, 1886, May 31, 1897, and January 19, 1898; and

particularly condemning Doña Francisca to restore to Amalia Rodríguez one-half of the urban estate in question, the rent collected as products thereof, and the proper legal interest from June 10 of the year preceding, and to the payment of all costs, including those of the proceeding to secure a conciliation.

Together with this complaint counsel for the plaintiff filed a certified copy of the deed executed in Ponce before Notary Rosendo Matienzo Cintrón, on May 31, 1897, by which Mariano Isidoro Clavell y Hurtado sold to Pedro Clausells y Armstrong, with the privilege of repurchasing within three years, the house and lot in question, which she acquired by purchase from Enrique Castaing y Postveint by deed executed before Notary Joaquín Mayoral, on February 24, 1896; and another certified copy of the deed dated January 19, 1898, executed in the said city of Ponce before Notary Rosendo Matienzo Cintrón, whereby a resale of the house and lot in question was made by Pedro Clausells y Armstrong to Mariano Isidoro Clavell; he in turn selling the same to Amalia Rodríguez, widow of Renovales, for the sum of 1,000 *pesos* of the money in circulation at that time, the said deed having been recorded in the Registry of Property on March 5 of the same year.

There was also attached to the complaint a certified copy issued by the Registrar of Property of Ponce of the record of possession of the house and lot in favor of Enrique Castaing y Postveint, and another certificate of the secretary of the municipal court of Ponce, dated May 18, 1900, from which it appears that citations having been issued at the instance of Amalia Rodríguez and served upon Enrique Castaing, Mariano Isidoro Clavell, and Francisca Castaing y Soto to appear in the proceeding to secure a conciliation, that an agreement might be reached with respect to the allegations contained in the complaint, Enrique Castaing and Mariano Clavell appeared and acquiesced in the demand of the plain-

tiff, Francisca Castaing not appearing, notwithstanding the fact that she was cited, and the proceedings were thereupon closed.

Notice of the complaint was served upon the defendants, Enrique Castaing y Postveint, Mariano Isidoro Clavell, and Francisca Castaing y Soto, and they having been cited to appear and answer the same within the term provided for by law, Attorney Carlos López de Tord appeared in the name of Francisca Adelaida Castaing, contesting the complaint and invoked the same facts found in the former suit prosecuted by Doña Francisca, and the pronouncements made in her favor by the said final judgment, rendered in said suit on October 3, 1898, whereby the proceedings to secure a possessory title prosecuted by Enrique Castaing y Postveint involving the said house and lot claimed by the plaintiff, Doña Amalia, had been declared null and void as well as the deeds of sale executed by Enrique Castaing to Mariano Isidoro Clavell, and by him to Pedro Clausells y Armstrong, and also the inscriptions of the said proceedings and the deeds executed thereunder in the registry of property by the plaintiff Francisca Castaing, in her capacity as the heir of her deceased adopted mother, Teresa Clavell, for the undivided one-half interest in the house and lot, the ownership of which was claimed in the new suit by Doña Amalia, and based on these same titles, the nullity of which had been declared by the executory judgment. For these reasons and prayers which were deemed pertinent, he finally pleaded the peremptory exception of *res adjudicata,* and prayed the court to acquit him from all liability under the complaint filed by Amalia Rodríguez Matos, with costs against the plaintiff.

The complaint having been declared to have been answered in default by the defendants, Enrique Castaing y Postveint and Mariano Isidoro Clavell y Hurtado, because they did not appear and answer the same within the term fixed by the citation and summons, the trial of the case was proceeded to

with the usual formalities, and the record in the former suit
prosecuted by Francisca Castaing against the said defend-
ants, Enrique Castaing y Postveint, Mariano Isidoro Clavell,
and Pedro Clausells y Armstrong, of which mention has been
made in the foregoing findings of fact, having been attached
by means of loose thread to the record therein, the same hav-
ing been requested as evidence by both parties, which request
was granted by the court, and the oral trial having been
held, a majority of the District Court of Ponce rendered
judgment on November 28, 1900, whereby the peremptory
plea of *res adjudicata* invoked by the defendant, Francisca
Castaing, was overruled and the complaint was sustained,
except with respect to the prayers therein contained asking
for the annulment of the proceedings had in the ordinary
action theretofore prosecuted; and in consequence thereof
the deed of arrogation executed by Castaing and his wife in
favor of Francisca Adelaida Soto before Notary Francisco
Parra on July 15, 1882, also the order made on November
3, 1893 (it should say 1897) by the former court of first in-
stance, which held Francisca Adeliada Soto to be the heir
of Francisca Clavell, is null and void as well as the record
entered in the registry of property in favor of Doña Fran-
cisca on June 16, 1899, with respect to the one-half interest
in the house and lot involved in the suit, the prior records
or inscriptions of the said property being restored to full
force and effect in favor of Enrique Castaing, Mariano Isi-
doro Clavell, and Amalia Rodríguez, compelling the defend-
ants to recognize the same as in full force and effect. It
was also held that Francisca Adelaida Castaing y Crosas had
no right to the ownership or the possession of the said prop-
erty, and she was adjudged to restore the one-half interest
therein which she was withholding from Amalia Rodríguez,
together with any rental which she might have collected with
with legal interest thereon, and to pay the costs, including
those occasioned in the proceedings to obtain a conciliation.

From this judgment counsel for Francisca Adelaida Castaing took an appeal in cassation for error of law and the same was allowed, the record having been sent up to this Supreme Court and the defect adverted to of the failure to serve notice of the judgment upon the defendants in default, Enrique Castaing and Mariano Clavell, having been cured, and they having been duly cited and summoned, Attorney Manuel F. Rossy appeared for the appellant, Francisca Adelaida Castaing, and Attorney José de Guzmán Benítez for the respondent, Amalia Rodríguez y Matos; and the appeal having been perfected, the same having been declared to be an ordinary appeal, in accordance with the law of the Legislative Assembly of this Island approved March 12, 1903, a day was set for the hearing, which took place without the attendance of counsel for the parties.

*Mr. Manuel F. Rossy,* for appellant.

*Mr. José de Guzmán Benítez,* for respondent.

The other parties respondent did not appear.

MR. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the following opinion of the court:

Notice having been served upon the parties of the final judgment rendered October 3, 1898, by the former Court of First Instance of Ponce, in the ordinary action prosecuted before the said court by Félix Crosas y Dalmau, representing his wife Adelaida Castaing y Soto, as the sole heir of her deceased adopted mother Teresa Clavell y Hurtado against Enrique Castaing y Postveint, Mariano Isidoro Clavell, and Pedro Clausells y Armstrong, in regard to the nullity of proceedings prosecuted by Enrique Castaing to secure a possessory title to a house and lot situated on Calle de la Aurora of said city and the inscriptions thereof in the registry of property, and the subsequent conveyances of the said realty executed by Castaing to Mariano Isidoro Clavell, and by him to Pedro Clausells y Armstrong, a dominion title to an undivided one-half interest in the said urban property

in favor of the plaintiff, Francisca Adelaida Castaing y Soto, and by which judgment the proceedings to secure a possessory title and the admission thereof to record in the registry of property were expressly declared null and void, as well as the public deeds which, with respect to the one-half interest in the realty aforesaid had been executed by Castaing in favor of Clavell y Hurtado and by the latter to Pedro Clausells y Armstrong, the records whereof were required to be cancelled in the registry of property in so far as the same related to said one-half interest in the realty; and the said undivided one-half interest in the above mentioned house and lot, as well as one-half of all the property left upon the death of Teresa Clavell to remain at the free disposal of Francisca Castaing, with costs against Enrique Castaing; and that no appeal having been taken by the interested parties from the aforesaid judgment, the same was consented to and became *res adjudicata*.

In accordance with the principles constantly announced by the courts of justice and sanctioned by the former as well as by the present Civil Code, that in order that the doctrine of *res adjudicata* may be availed of in another suit, it is necessary that the case decided and the case in which the principle is involved be absolutely identical with respect to things, causes and the person of the litigants; and with respect to the capacity in which they are litigating; and it is always understood that the parties are the same when the litigants in the second suit are the successors in interest of those who were parties to the previous litigation, or when they are united to them by the bond of privity of interests, or by those which establish the indivisibility of prestations between those having a right to demand the payment thereof or the obligation to pay the same.

Therefore, applying these principles to the case at bar, there is no doubt that between the case prosecuted recently in the former District Court of Ponce by Amalia Rodríguez

y Matos against Francisca Adelaida Castaing y Soto, En-
rique Castaing y Postveint and Mariano Isidoro Clavell y
Hurtado, now pending before this court on appeal, and the
former case in which the executory judgment of October 3,
1898, was rendered, the three identical things are present
which are required by the law in order that *res adjudicata*
may be successfully alleged in the second suit, since the same
thing is the object of both actions. The cause or motive of
the action is likewise identical in both cases, the same being
the ownership which each of the parties plaintiff claims to
the house and lot in question and Doña Amalia, the plaintiff
in the second action, alleging in support of her demands the
same grounds presented in the former dispute and which
were discussed and decided in the executory judgment ren-
dered in favor of Francisca Adelaida Castaing. And further-
more, the parties litigant in the suit now pending and in the
one previously terminated are the same, as required by the
law; for although Amalia Rodríguez was not a party to
the previous suit as the successor in interest of Mariano Isi-
doro Clavell, one of the defeated defendants in the said action,
she is prejudiced by the judgment rendered therein, which
held to be null and void the titles of Mariano Isidoro Clavell
to the house and lot in dispute, and these titles are precisely
the same ones relied upon by Doña Amalia in the suit now
pending and prosecuted by her, with so much more reason
when it is considered that the said Doña Amalia had full
knowledge at the beginning of the other suit of the action to
recover the real estate brought by Félix Crosas, represent-
ing his wife, Francisca Adelaida Castaing, involving the same
house and lot which are the objects of her demands, she
maintaining silence and abstaining from coming into court
to defend her rights in the suit, as she could have done.

Neither can it be successfully maintained that the rights
of Amalia Rodríguez are not affected by the executory judg-
ment under the provisions of article 34 of the Mortgage Law

in force in this Island in accordance with which "acts or contracts done or executed by a person who appears from the registry to have a right so to do will not be invalidated with respect to third persons after the same have been admitted to record, although the right of the party executing them be subsequently annulled or decided, by virtue of a title of prior date not recorded in the registry or for reasons which do not clearly appear from the registry itself;" for neither Enrique Castaing y Postveint nor his successor Mariano Isidoro Clavell having recorded the ownership of the house and lot in question but only the possession thereof, that cannot benefit Doña Amalia as a third possessor of the said house and lot, in accordance with the exception contained in the last paragraph of article 34 before cited, according to which "the provisions of said article will never apply to titles recorded under the provisions of article 390, unless prescription shall have rendered valid and secured the right referred to in such titles." This is in conformity with the provisions of the penultimate paragraph of article 394 of the same law, in providing "that the inscription of a possessory title will not prejudice a third person having a better right to the ownership of the real estate, although his title may not have been recorded, unless prescription shall have validated and secured the recorded right." Upon this last point there has been no discussion nor has Amalia Rodríguez made any allegations with respect thereto in this suit.

In accordance with article 1251 of the former Civil Code, which corresponds to article 1219 of the Code now in force, providing that only a judgment obtained in a suit for revision shall be effective against the doctrine of *res adjudicata,* which in the case at bar it has not been attempted to prove, and in accordance with the jurisprudence established by the courts of justice, judgments which are contradictory of, or which alter or modify the decision contained in a judgment which has become *res adjudicata,* are null and void. For this rea-

son the judgment rendered in this case by the former District Court of Ponce, on November 28, 1900, reversing in all its parts the judgment rendered on October 3, 1898, in the former suit which became final and was executed, must be annulled.

Finally, with respect to the other defendants in this suit, Enrique Castaing y Postveint and Mariano Isidoro Clavell y Hurtado, they having been parties to the former action as defendants and having been defeated therein, are bound to comply with the executory order therein made, and they are without legal recourse to alter in the minutest particular the rights acquired under the said final judgment by Francisca Adelaida Castaing y Soto, for which reason they should also be acquitted from the complaint without prejudice to any action which the plaintiff, Amalia Rodríguez, may have against them for indemnification on account of the sale of the house and lot in question, or by reason of the fact that they acquiesced in her demands at the proceedings to secure a conciliation, and she can exercise the same in such manner and at such place as to her may seem proper.

In view of the provisions of the articles of the former and of the present Civil Code, and the other legal authorities cited in this judgment, rule 63 of General Orders of August 15, 1899, and the judgments of the Supreme Court of Spain of May 13, 1884, June 1, 1886, and February 1, 1893, we adjudge that we should declare, and do declare, null and void the judgment from which this appeal is taken, rendered on November 28, 1900, by the former District Court of Ponce in the case at bar; and we sustain the plea of *res adjudicata* made by Francisca Adelaida Castaing, who is hereby acquitted of all liabilities under this complaint as well as the other defendants, Enrique Castaing y Postveint and Mariano Isidoro Clavell y Hurtado, under the conditions and reservations stated in the last conclusions of law of this judgment, and the costs in the court of first instance are taxed

against the plaintiff Amalia Rodríguez y Matos, no special imposition being made of costs on appeal.

Justices Hernández, Figueras MacLeary, and Wolf concurred.